IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02039-BNB

DELMART, E.J.M., VREELAND, II,

    Applicant,

v.

JOHN DAVIS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OVERRULING OBJECTION

---

    This matter at issue is the "Timely Objection to U.S. Magistrate Judge's Orders," ECF No. 13, that Mr. Vreeland, a State of Colorado prisoner, filed with the Court on September 11, 2012. Mr. Vreeland objects to Magistrate Judge Boyd N. Boland's August 27, 2012 Minute Order. Specifically, Mr. Vreeland challenges the extension of time granted to Respondents to file a Pre-Answer Response that addresses the affirmative defenses of timeliness and exhaustion.

    The Court will construe the Objection as filed pursuant to 28 U.S.C. § 636(b)(1)(A). Under § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

    Upon review of the August 27 Minute Order, I find no basis for Mr. Vreeland's arguments. The August 27 Order neither is clearly erroneous nor contrary to law. The

Pre-Answer Response was ordered pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Advisory Committee Notes, 1976 Adoption, to Rule 4 read in part as follows:

> In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. Under § 2243, the respondent must make a return within three days after being so order, with additional time of up to forty days allowed under the Federal Rules of Civil Procedure, Rule 81(a)(2), for good cause. In view of the widespread state of work overload in prosecutors' offices (*see, e.g., Allen [v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)]), additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made.
>
> Rule 4 authorizes the judge to "take such other action as the judge deems appropriate." This is designed to afford the judge flexibility in a case where either dismissal or an order to answer may be inappropriate. For example, the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent, which may show that petitioner's claims have already been decided on the merits in a federal court; that petitioner has failed to exhaust state remedies; that the petitioner is not in custody within the meaning of 28 U.S.C. § 2254; or that a decision in the matter is pending in state court. In these situations, a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition. In other situations, the judge may want to consider a motion from respondent to make the petition more certain. Or the judge may want to dismiss some allegations in the petition, requiring the respondent to answer only those claims which appear to have some arguable merit.

The extension of time granted by Magistrate Judge Boland, therefore, is appropriate.

Mr. Vreeland also contends that he was denied his right to object to or respond to Respondents' motion for an extension of time. Pursuant to Rule 7.1.A. and C. of the United States District Court for the District of Colorado Local Rules of Practice a judicial officer may rule on a motion for extension of time at any time after the motion is filed

2

and without Respondents conferring with a *pro se* prisoner litigant prior to filing the motion. The Objection, therefore, will be overruled. Accordingly, it is

ORDERED that Mr. Vreeland's Objection, ECF No. 13, filed on September 11, 2012, is construed as filed pursuant to 28 U.S.C. § 636(b)(1)(A) and is overruled. It is

FURTHER ORDERED that Mr. Vreeland's Motion for Default Judgment, ECF No. 14, is denied as improperly filed. It is

FURTHER ORDERED that Respondents shall inform the Court within seven days of the date of this Order whether they intended, in the August 24, 2012 Motion, to request an extension of time until September 26, 2012, or until October 26, 2012.

DATED at Denver, Colorado, this  14th  day of   September  , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court