IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02039-BNB

DELMART, E.J.M., VREELAND, II,

    Applicant,

v.

JOHN DAVIS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER OF DISMISSAL

---

Applicant Delmart, E.J.M., Vreeland, II, is in the custody of the Colorado Department of Corrections (DOC) at the correctional facility in Buena Vista, Colorado. Applicant, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. In an order entered on August 6, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. Respondents requested an extension of time to file a response, which Magistrate Judge Boland granted. Applicant objected to Magistrate Judge Boland's order granting the extension. He also filed a motion for default claiming Respondents had failed to comply with the August 6 Order.

The Court entered an order on September 14, 2012, overruling Applicant's objections. The Court found the extension of time appropriate under Rule 4 of the

Rules Governing Section 2254 in the United States District Courts. The Court also found a decision to grant a motion for extension of time may be granted any time after the motion is filed and without Respondents having to confer with a party that is a *pro se* prisoner. Finally, the Court found the motion for default was improper.

After Respondents filed a response, on October 17, 2012, Applicant asked for a two-week extension of time to reply, which was granted. Applicant then filed a Supplement on November 21, 2012, and a Reply on November 27, 2012. Respondents sought permission to respond to Applicant's Reply, which was granted. Applicant then replied to Respondent's Second Response on December 5, 2012.

The Court must construe liberally the Application, Reply, Supplement, and Second Reply because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

The Application is 285 pages long. Applicant sets forth thirty-one claims. In Claim One, he argues inordinate delay by the State in processing his direct appeal. Applicant asserts that at the time he submitted this Application his direct appeal had been pending in the Colorado Court of Appeals (CCA) for over three years and seven months. He further contends that the record on appeal was not filed for nineteen months and that neither the CCA nor the Colorado Supreme Court (CSC) will direct the Colorado State Attorney General to answer Applicant's opening brief.

The Court will summarize the procedural history of Applicant's direct appeal as follows. Applicant was convicted on December 11, 2006. *See* Pre-Answer Resp., ECF

No.22-1, Ex A at 29.  During the twenty-two months after his conviction, and prior to his sentencing, Applicant challenged his habitual count convictions and filed a Colo. App. R. 21 with the CSC.  Applicant also filed five motions requesting a new trial and ten motions requesting: (1) a hearing regarding a home surveillance system recording; (2) a hearing on applicable time bar; (3) extended proportionality review; (4) reconsideration of time bar; (5) access to his medical records; (6) copies of county court recordings; (7) a stay of proceedings until completion of medical records; (8) a full evaluation of mental condition; (9) a different judge to review competency; and (10) a psychiatric examination.  *Id.* at 19-29.  Finally, Applicant was sentenced on October 22, 2008.  *Id.* at 18.

Applicant claims the inordinate delay in his appeal includes the time prior to the filing of the appeal because he ordered transcripts before appealing, but some of these transcripts were not provided until July 1, 2010.  Sec. Reply, ECF No. 29, at 2-3.  As noted above, Applicant was convicted in December 2006 and not sentenced until October 2008.  During this time, he filed at least fifteen motions, and a Rule 21 petition challenging his conviction.  There is no indication that the transcripts Applicant ordered prior to his appeal were for preparing his appeal or any other basis for counting time prior to filing an appeal for the purposes of inordinate delay.  The Court will consider only the time from December 1, 2008, when Applicant filed his appeal and a designation of the record with the CCA, until September 25, 2012, when Respondents filed an answer to Applicant's opening brief.

On December 8, 2008, Applicant requested a designation of the record, Pre-Answer Resp., Ex. A at 18, and on February 19 and 20, 2009, he requested two specific hearing transcripts, *id.*  From the earliest possible date that transcripts were requested

until July 1, 2010, when the record was received by the CCA, *id.* at 16, is just under nineteen months.  During this time, Applicant filed a motion for extension of time to provide the record on February 25 and June 3, 2009.  Pre-Answer Resp., ECF No. 22-2, Ex. B at 10.  When granting the June 3 motion, the CCA stated that any further extensions to file the record would not be granted without just cause and reduced fees for transcripts would be ordered.  *Id.*  On September 14, 2009, the CCA issued an order reducing transcripts fees and directing a remand if the record is not completed.  *Id.* at 9.

The CCA then, on December 22, 2009, ordered a remand and a status report every thirty days.  *Id.*  Applicant filed a status report on February 10, 2010, claiming reconstruction of the record is not possible.  *Id.*  Over the next three months, Applicant filed two motions to end remand and vacate conviction, along with two status reports that also included a request to vacate the conviction.  *Id.* at 8.  On May 19, 2010, the CCA ordered the clerk of the district court to indicate within fourteen days what transcripts had not been provided and names of court reporters responsible for these transcripts.  *Id.*  The district court clerk indicated the record was ready to be transmitted on May 27, 2010, and, subsequently, filed the record with the CCA on July 1, 2010.  *Id.* at 7.  The CCA recertified the case on June 16, 2010, and ordered Applicant to file an opening brief by August 10, 2010.  *Id.*

Applicant then filed seven extensions of time to file an opening brief (8/27/2010, 10/19/2010, 11/30/2010, 1/6/2011, 2/10/2011, 3/17/2011, and 3/31/2011), extending the filing of the brief until April 14, 2011.  *Id.* at 4-6.  When Applicant filed the opening brief he filed a motion for excess pages; the brief was stricken and Applicant was ordered to file a brief that was less than 39,010 words, but he was allowed to file a brief 13,500 pages long, which is over the 9,500 word limitation.  *Id.* at 4.  Applicant filed an

4

extension of time and finally filed the amended brief on July 27, 2011. *Id.* at 3-4. The CCA ordered an answer due by August 29, 2011. *Id.* at 3. The State filed three requests for an extension of time and finally filed an answer on September 25, 2012, which was fourteen months after Applicant filed his opening brief and thirteen months after the CCA first ordered the State to file an answer. *Id.* at 1-3.

The Court has reviewed the selected state court documents Applicant filed and determined as follows. There were at least seven court reporters who recorded different proceedings in Applicant's criminal case. Reply, ECF No. 26, at 31, Attach. 1. Due to a proclaimed overwhelming case load, one reporter was unable to provide the requested transcribed record for a total of nineteen months, which included the time from December 10, 2008, when she received the designation of the record, until July 1, 2010, when the record was filed with the CCA. *See* Pre-Answer Resp., Ex. B at 7-10; Reply at 78-79, Attach 6. On September 28, 2010, Applicant requested a supplement to the record claiming trial exhibits, recorded statements of victims, recorded pretext telephone call, recorded witness statements, written trial motions and orders had not been provided. Pre-Answer Resp., Ex. B at 7. The supplement to the record was completed by January 14, 2011. *Id.* at 5-6.

Considering both the nineteen months one recorder took to transcribe a portion of the record, and the time from September 28, 2010, until January 14, 2011, which it took to provide additional parts of the record that Applicant claims he originally designated as part of the record, and the unsealing of portions of the record, the total delay is about twenty-three months. As for the State's extension of time beyond the date the answer was due, which was from August 29, 2011, until September 25, 2012, was about thirteen months. The Court finds an overall delay of three years that possibly

could be considered inordinate.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Nonetheless, pursuant to *Harris v. Champion* (*Harris III*), 48 F.3d 1127, 1132 (10th Cir. 1995), a delay of more than two years gives rise to a rebuttable presumption of the "(i) ineffectiveness of state appellate procedures sufficient to excuse exhaustion on the petitioner's underlying claims of unconstitutional trial error, and (ii) prejudice necessary to support an independent constitutional claim of deprivation of an effective direct appeal because of delay." However, "in particular cases, the State may show that a delay of more than two years is justified, and therefore, good cause exists for not excusing exhaustion." *See Harris v. Champion*, 15 F.3d 1538, 1556 (10th Cir. 1994).

In *Fletcher v. Golder, et al.*, 175 F. App'x 269 (10th Cir. May 23, 2006), the applicant's appeal had been pending in the state court of appeals for over two years. *Fletcher*, 175 F. App'x at 271. The attorney, in *Fletcher*, requested various extensions of time to obtain missing trial transcripts and records he considered necessary, substitute new counsel, and file appellate briefs. *Id.* The Tenth Circuit found in *Fletcher* that the two-year presumption had been rebutted because (1) the CCA had not abandoned Mr. Fletcher's appeal; (2) counsel's requests for extensions of time were to obtain records necessary for the appeal; (3) the court required status reports on the progress in obtaining records; and (4) additional extensions were denied to file an opening brief. *Id.*

There is nothing in the CCA Register of Action, Pre-Answer Resp. at Ex. B, that indicates the CCA has abandoned Applicant's direct appeal. To the contrary, the CCA has kept close watch on the progress of the direct appeal by entering timely orders to Applicant's requests, and by remanding the case to the district court to settle the record and requiring status reports on the progress of transcribing the remaining parts of the record. The only other complaint by Applicant that may implicate a delay by the CCA is

7

the ten weeks it took the CCA to strike Applicant's opening brief as in excess of the word limitation. Reply at 9. The Court finds it is reasonable for the CCA to take ten weeks to determine the necessity of filing a 216-page brief that is four times the applicable word-limit under Colo. App. R. 28(g) (9,500 words).

The Court further finds that the request to supplement and provide exhibits and other written orders and motions was dealt with by the CCA in a timely manner. Furthermore, when Applicant requested a supplement to the record, he had access to the majority of the record for almost three months. Applicant should have been able to identify possible missing exhibits and other papers prior to the time he filed the request to supplement.

The thirteen-month extension beyond the initial time period to file an answer that the State requested and was granted by the CCA is not exceptional when all factors are considered. Applicant had from July 1, 2010, when the record for the most part was filed with the CCA, until July 27, 2011, when he filed the amended opening brief, which is over a year. Even if the Court excludes the four months it took to supplement the record, Applicant had eight months to prepare the 216-page brief, which when amended still was seventy-seven pages long.

The State's time to prepare an answer was only five months greater than the time Applicant took to prepare his opening brief. Given the size of the record, the length of the amended brief, and the seriousness of the charges against Applicant, the Court finds the extension of time requested by the State was reasonable and not inexcusable or inordinate.

The two-year presumption of inordinate delay has been rebutted. The CCA has not abandoned this case and the State's extension of time was justified. The Court

finds no unreasonable delay in Applicant's direct appeal proceedings to support an independent due process claim.

On February 22, 2013, Applicant filed a Notification, ECF No. 31, stating that the CCA entered an order in his direct appeal affirming his conviction. Applicant suggests that he now has exhausted his state court remedies and this Court should proceed with reviewing the merits of his claims. The Court will refrain from proceeding with this action for the following reasons.

Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995). Applicant stated in his Application that the CCA only allowed him to present five of the twenty-six claims that he desired to present in his direct appeal. *See* Application at 5. He has identified thirty-one claims in this action, but now claims in his Notification there are over eighty claims to be addressed. The Application, therefore, is clear on its face that not all of the claims Applicant has presented are exhausted. *Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009) (dismissal proper because failure to exhaust was clear from the face of the petition). The action is subject to dismissal as a mixed petition. Given that Applicant has directed the Court to proceed with all claims at this time the action will be dismissed as a mixed petition.

Applicant also is instructed that in any future action he files in this Court he must comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*,

826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on **clarity and brevity** by the federal pleading rules.  The Application in this case is 285 pages long. The allegations are repetitive and verbose.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies and as a mixed petition.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that Applicant's "Motion for Ruling . . . ," ECF No. 30, is denied as moot.

DATED at Denver, Colorado, this  26th  day of     February    , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court